1
2
3
4
5
6           **IN THE UNITED STATES DISTRICT COURT**

7             **FOR THE DISTRICT OF ARIZONA**

8
**BERTIN VEGA GOMEZ,**                        )
9                                              )
              **Petitioner,**                  )
10                                             )
                **v.**                         )   **CIV 06-01370 PHX JWS (MEA)**
11                                             )
**DORA SCHRIRO and**                          )   **REPORT AND RECOMMENDATION**
12 **ARIZONA ATTORNEY GENERAL,**              )
                                               )
13            **Respondents.**                 )
  _____ )
14
**TO THE HONORABLE JOHN W. SEDWICK:**
15
          On October 2, 2006, Petitioner filed a *pro se* petition
16
seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254,
17
challenging his criminal conviction by an Arizona state court.
18
Respondents filed an Answer to Petition for Writ of Habeas
19
Corpus ("Answer") (Docket No. 16) on December 15, 2006.
20
          **I Procedural History**
21
          In 1999 Petitioner was charged by indictment with one
22
count of first-degree murder and one count of aggravated
23
assault.  Response, Exh. A.  On November 9, 1999, a jury found
24
Petitioner guilty of one count of second-degree murder and one
25
count of aggravated assault.  Id., Exh. B.  The jury concluded
26
the counts of conviction should be classified as dangerous
27
offenses.  Id., Exh. B.
28

On January 14, 2000, Petitioner was sentenced to a mitigated sentence of 13 years imprisonment for his second-degree murder conviction and a concurrent term of six years in prison pursuant to his conviction for aggravated assault.  Id., Exh. C.

Petitioner filed a timely appeal of his convictions and sentences.  Id., Exh. D.  Petitioner asserted his convictions should be reversed because the trial court refused to instruct the jury on the elements of manslaughter as a lesser-included offense and because the trial court erroneously precluded the introduction of a testifying detective's prior statement, in violation of Petitioner's right to a fundamentally fair trial. Id., Exh. D.

The Arizona Court of Appeals granted partial relief in a decision issued December 28, 2000.  Id., Exh. F.  The Court of Appeals reversed Petitioner's murder conviction, concluding the trial court had erred by denying Petitioner's request to instruct the jury on the lesser-included offense of manslaughter.  Id., Exh. F.  The Court of Appeals remanded the case to the trial court for further proceedings regarding Petitioner's murder conviction, and affirmed Petitioner's conviction and sentence for aggravated assault.  Id., Exh. F.

Petitioner was retried on the charge of first-degree murder in 2001.  Id., Exh. G.  The second jury found Petitioner guilty of second-degree murder and concluded the offense should be classified as dangerous.  Id., Exh. G.  However, on December 14, 2001, the trial court granted Petitioner's motion for a new

-2-

1    trial, which motion was premised on an allegation of juror
2    misconduct during jury deliberations.  Id., Exh. G.

3          Petitioner's third jury trial was conducted in February
4    of 2002.  Id., Exh. I.  The jury was instructed with regard to
5    the elements of second-degree murder, manslaughter, and
6    negligent homicide.  Id., Exh. I.  The jury found Petitioner
7    guilty of second-degree murder, and further concluded the count
8    of conviction should be classified as a dangerous offense.  Id.,
9    Exh. I.  On March 4, 2002, Petitioner was sentenced to a term of
10   13 years in prison pursuant to his conviction on the charge of
11   second-degree murder, and given credit for 1,005 days of
12   presentence incarceration.  Id., Exh. K.

13         Petitioner timely filed a direct appeal of this
14   conviction and sentence.  Id., Exh. L.  Petitioner asserted only
15   that he was entitled to additional credit for presentence
16   incarceration.  Id., Exh. L.  In a decision issued November 21,
17   2002, the Arizona Court of Appeals affirmed Petitioner's
18   sentence and conviction, but ordered Petitioner be given credit
19   for an addition 106 days of presentence incarceration.  id.,
20   Exh. N.  Petitioner attempted to appeal this decision to the
21   Arizona Supreme Court, but mis-filed his appeal, which was also
22   untimely, with the Arizona Court of Appeals.  Id., Exh. O & Exh.
23   P.  The Court of Appeals transferred the untimely petition for
24   review to the Arizona Supreme Court, which denied review of the
25   Arizona Court of Appeals' decision on February 20, 2003.  id.,
26   Exh. Q.

27

28                                -3-

Petitioner filed an action for state post-conviction relief in the Arizona Superior Court on January 28, 2003. _Id._, Exh. R. Petitioner was appointed counsel to represent him in that action. _Id._, Exh. S & Exh. U. In his action for post-conviction relief, Petitioner alleged the trial court erred by failing to properly instruct the jury, resulting in a trial proceeding which was fundamentally unfair, in violation of Petitioner's right to due process of law. _Id._, Exh. V.

On January 5, 2004, the Arizona Superior Court denied relief, concluding Petitioner's claim was without merit and, additionally, that his claim was also precluded pursuant to Rule 32.2, because Petitioner did not raise the issue in his direct appeal. _Id._, Exh. X. Petitioner did not seek review of this decision by the Arizona Court of Appeals. However, on January 18, 2004, Petitioner filed a _pro se_ motion seeking to assert additional claims for post-conviction relief, i.e., that his counsel was ineffective. _Id._, Exh. BB. This motion was denied on March 8, 2004. _Id._, Exh. BB.

Petitioner initiated a second action for post-conviction relief on April 9, 2004, asserting he had been deprived of his right to the effective assistance of counsel. _Id._, Exh. CC. The Arizona Superior Court denied relief, concluding the claim asserted was precluded by Petitioner's failure to raise the claim in his first action for post-conviction relief. _Id._, Exh. CC.

Petitioner sought review of the denial of post-conviction relief by the Arizona Court of Appeals in a petition

filed May 24, 2004.  Id., Exh. DD.  Petitioner asserted he was entitled to relief from his convictions and sentences because the trial court had not properly instructed the jury and because his counsel was ineffective.   Id., Exh. DD.  The Arizona Court of Appeals denied review in a decision issued June 17, 2005. Id., Exh. EE.  Petitioner sought review of this decision by the Arizona Supreme Court, which denied review on January 23, 2006. Id., Exh. GG.

Petitioner filed his federal habeas action on May 25, 2006.  Petitioner alleges he is entitled to relief because the trial court erred by allegedly not instructing the jury on the elements of manslaughter and negligent homicide; the trial court erred by not granting a directed verdict on the charge of second degree murder; the trial court erred by not reducing the murder charge to manslaughter or negligent homicide after Petitioner's murder conviction was reversed twice; and Petitioner's rights were violated by the use of transcripts of prior testimony at his third trial.

**II Analysis**

**Exhaustion and procedural default**

A state prisoner must "exhaust" a claim in the state courts before the District Court may grant federal habeas relief on the merits of the claim.  See Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); Castille v. Peoples, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989).  To properly exhaust a claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly

-5-

presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille, 489 U.S. at 351, 109 S. Ct. at 1060; Rose v. Palmateer, 395 F.3d 1108, 1110 (9th Cir.), cert. denied, 125 S. Ct. 2971 (2005).[1]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Castillo v. McFadden, 399 F.3d 993, 998 n.3 (9th Cir.), cert. denied, 126 S. Ct. 348 (2005).

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2006). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See 28 U.S.C. § 2254(c) (1994 & Supp. 2006); Castille, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue

---

[1]Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2006).

of the petitioner's "procedural default" of the claim.

Procedural default occurs when a petitioner has never presented a claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060; Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir. 1988). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review.").

The only claim raised by Petitioner in his direct appeal of his third conviction and sentence for murder was the degree to which he had been given credit for pre-sentence incarceration. The only issue raised by Petitioner in his first Rule 32 action was that the trial court erred by failing to properly instruct the jury regarding transferred intent. Petitioner did not present the claim raised in his Rule 32 action to the Arizona Court of Appeals in a timely manner after the trial court denied relief. When Petitioner sought to raise his ineffective assistance of counsel claim in a second Rule 32 proceeding the Arizona courts determined the claim was waived by Petitioner's failure to raise it in his direct appeal or in his first Rule 32 action.

Petitioner did not properly exhaust any of his federal habeas claims in the state courts by fairly presenting them to the Arizona Court of Appeals in a direct appeal or in his first action for post-conviction relief. Because the Arizona rules of criminal procedure regarding timeliness, waiver, and preclusion bar Petitioner from now returning to the state courts to exhaust his unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted his claims.  See Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002).

**Cause and prejudice**

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a miscarriage of justice, or cause and actual prejudice to excuse his default of the claim. See Coleman, 501 U.S. at 750-51, 111

1  S. Ct. at 2555-56.[2]

2          "Cause" is a legitimate excuse for the petitioner's

3  procedural default and "prejudice" is actual harm resulting from

4  the alleged constitutional violation.  See Thomas v. Lewis, 945

5  F.2d 1119, 1123 (9th Cir. 1991).   To demonstrate cause, a

6  petitioner must show the existence of some external factor which

7  impeded his efforts to comply with the state's procedural rules.

8  See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.

9  1996).   To establish prejudice, the petitioner must show that

10 the alleged error "worked to his actual and substantial

11 disadvantage, infecting his entire [criminal proceedings] with

12 error of constitutional dimensions." United States v. Frady,

13 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982).   See also

14 Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

15 Establishing prejudice requires Petitioner to prove that, "but

16 _____

17          [2] Review of the merits of a procedurally defaulted habeas
   claim is also appropriate if the petitioner demonstrates review of the
18 merits of his claim is necessary to prevent a fundamental miscarriage
   of justice.  See Dretke v. Haley, 541 U.S. 386, 393, 124 S. Ct. 1847,
   1852 (2004); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639,
19 2649 (1986).   A fundamental miscarriage of justice occurs only when
   a constitutional violation results in the conviction of one who is
20 actually innocent of the crime of conviction.   See Murray, 477 U.S.
   at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749
21 (9th Cir. 1992) (showing of factual innocence is necessary to trigger
   manifest injustice relief).   To satisfy the "fundamental miscarriage
22 of  justice"  standard,  Petitioner  must  establish  by  clear  and
   convincing evidence that no reasonable juror could have found him
23 guilty of the offenses charged.   See Dretke, 541 U.S. at 393, 124 S.
   Ct. at 1852; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).
24          Petitioner does not assert he is actually innocent of the
   factual  predicate  for  the  charges  against  him,  but  asserts  the
25 shooting of the victim was an accident, i.e., that the gun fell from
   his pocket and discharged, injuring the victim.   Petitioner did not
26 testify at his trial, presumably because the government filed notice
   it intended to use a prior felony conviction to impeach Petitioner's
27 testimony.   See  Petition, Attach.

28                                 -9-

for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crime. <u>See</u> <u>Manning v. Foster</u>, 224 F.3d 1129, 1135 (9th Cir. 2000); <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); <u>Thomas</u>, 945 F.2d at 1123 n.10.

Petitioner never presented any of his claims for federal habeas relief to the Arizona Court of Appeals in a procedurally correct manner, either in his direct appeal or in his first action for post-conviction relief. Accordingly, Petitioner has procedurally defaulted his federal habeas claims. Petitioner has not shown cause for, nor prejudice arising from his procedural default of his claims. Therefore, relief may not be granted on the merits of Petitioner's claims.

**III Conclusion**

Petitioner procedurally defaulted his federal habeas claims in the Arizona state courts by not presenting them to the Arizona Court of Appeals in a procedurally correct manner. Because Petitioner offers no reason or evidence establishing cause for, or prejudice arising from his procedural default of his federal habeas claims, the Court may not grant relief based on the merits of the claims.

**IT IS THEREFORE RECOMMENDED** that Mr. Vega Gomez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 31st day of January, 2007.

Mark E. Aspey
United States Magistrate Judge

-11-